DAVID B. FOX & wife *vs.* UNION SUGAR REFINERY.

A conveyance of land by a deed bounding it on a private way not defined in the deed, but shown upon a plan referred to therein and recorded in the registry of deeds, estops the grantor to deny the existence not only of that way, but of any connecting ways, represented on the plan, which will enable the grantee to reach public ways in any direction, as far as the grantor's title extends.

The owner of a tract of land laid it out into lots traversed by two connecting passageways, as represented on a plan recorded in the registry of deeds, and then conveyed some of the lots, by deeds referring to the plan, with a right appurtenant to each of them, in common with himself and his heirs and assigns, to pass and repass in and over the ways. *Held,* that the right reserved by him in both ways was appurtenant to each of the remaining lots, and would pass without express words to a grantee of one of them, although it did not bound upon one of the ways.

TORT for obstructing the plaintiffs' right in a passageway leading from Third Street to Fourth Street, between Front and Lynde Streets, in Charlestown.   Writ dated July 20, 1870.   Trial in the superior court, before *Putnam,* J., who made a report thereof of which the following is the substance :

In the year 1838 the Charlestown Wharf Company laid out into streets, ways and lots, a large tract of vacant land which it owned in that city; and afterwards conveyed portions of it to these plaintiffs and defendants respectively, which are represented on the following copy of part of a plan made by Eben Barker and dated October 3, 1838, which was referred to in the several conveyances, recorded in the Middlesex registry of deeds on October 18, 1838, and introduced in evidence at the trial. At the time of the obstructions in question, the plaintiffs owned lots 40 - 42, and the defendants owned lots 43–47 and 80–85.

The plaintiffs' land was conveyed to them by the Charlestown Wharf Company by a deed dated May 20, 1840, in which it was described as bounded " northeasterly by Lynde Street sixty-seven feet, southeasterly by a common passageway six feet wide sixty-six feet, southwesterly by lot numbered 43 on said plan sixty seven feet, and northwesterly by a street called on said plan Third Street sixty-six feet; the tract of land hereby conveyed includes lots numbered 40, 41 and 42 on said plan recorded with Middlesex deeds, and the right in common with said corporation," that is to say, the Charlestown Wharf Company, " its successors and assigns, and all others having the like right, to pass and re- pass in and over said passageway, which right is appurtenant to

each of said granted lots." The *habendum* was " to have and to hold the same, with the easements and appurtenances to the same belonging," &c.

The defendants acquired their land as follows: The Charlestown Wharf Company conveyed lots 44 and 45, and 80–85, by deeds dated October 3, 1838, " describing them as bounding on the respective passageways delineated on said plan, and containing similar words as to the right of passing and repassing." By another deed, dated on the same day, it conveyed lots 46 and 47, describing them therein as bounded " southeasterly by Fourth Street on said plan forty-four feet, southwesterly by a common passageway six feet wide sixty-seven feet, northwesterly by another common passageway six feet wide forty-four feet, and northeasterly by lot 45 on said plan sixty-seven feet; being lots 46 and 47 on said plan; also a right appurtenant to each of said last named lots to pass and repass in, through and over said last mentioned passageways respectively, in common with said corporation, its successors and assigns, and all others having a like right." By a deed dated September 15, 1841, it conveyed lot 43, describing it therein as bounded on both passageways, by a description similar to that of lots 46 and 47, and the deed continued as follows: " also the right and privilege, as appurtenant to the above granted premises, and in common with said corporation, its successors and assigns, and all others having a like right, to pass and repass in, through and over each of said passageways." Through mesne conveyances the defendants acquired title to lots 80–83, on May 3, 1862; lot 43, on September 12, 1862; and lots 44–47, 84, 85, on August 31, 1864.

At the dates of all the deeds from the Charlestown Wharf Company, that corporation was seised in fee simple of all the streets and passageways shown on the plan; but in December 1868 the defendants became owners of the fee of the two passageways bounding their lots and the lots of the plaintiffs. The streets and passageways, as shown upon the plan, had always been open and unobstructed until 1867, when the defendants closed up the passageway extending from Third to Fourth Streets and they have ever since prevented the plaintiffs from using it.

In June 1870 the plaintiffs served upon the defendants a notice " to take down and remove without delay all gates, pipes or other obstructions, erected or maintained by you in, across or over said passageways, or either of them, as we have the right of passing in, through and over said passageways, and each of them, and by the obstructions erected and maintained by you are excluded from the use of said passageways, and hindered in the exercise of our rights to the same."

The plaintiffs rested their case on evidence of these facts, and requested the judge to rule " that they had a right of way in that passageway, (or part of a passageway, as they claimed it to be,) extending from Third Street to Fourth Street."

The defendants admitted that they placed and maintained the obstructions ; and contended that they had a right to erect and maintain them, denied that the plaintiffs had any right of way in the passageway from Third Street to Fourth Street, and requested the judge so to rule.

The judge ruled " that there were two separate and distinct passageways, one extending from Third Street to Fourth Street, and one leading from Lynde Street into said first named passageway ; that the plaintiffs had no right of way in, through or over that passageway (or part of a passageway, as claimed by them) extending from Third Street to Fourth Street, but only in the passageway leading into the same from Lynde Street, in which no obstruction was claimed," and directed a verdict for the defendants.

If this ruling was erroneous, the verdict was to be set aside, and the case remanded to the superior court for further proceedings ; otherwise, judgment to be entered on the verdict.

*C. Robinson, Jr.,* for the plaintiffs.

*J. P. Converse & D. P. Kimball,* for the defendants.

WELLS, J. A deed, in which the land conveyed is bounded upon a passageway, gives to the grantee rights, by estoppel, not only in that part of the passageway which lies opposite to his land, but also, by necessary implication, to such outlet or termination as will make the way available for its intended purpose. If nothing else is contained in the deed to define it, the extent

of the grantee's rights beyond the limits of his land will depend upon and may be shown by extrinsic facts, as they existed at the time of the conveyance. *Salisbury* v. *Andrews*, 19 Pick. 250. *Atkins* v. *Bordman*, 2 Met. 457. *Stetson* v. *Dow*, 16 Gray, 372.

When the deed itself defines the extent or limits of the way referred to as a boundary, the estoppel is not confined to so much of the way as is necessary for the enjoyment of the granted premises, but extends to the whole extent of the way as described. *Thomas* v. *Poole*, 7 Gray, 83. "Where a plan is referred to in a deed, as containing a description of an estate, the courses, distances and other particulars, appearing upon the plan, are to be as much regarded in ascertaining the true description of the estate, and the intent of the parties in making it, as if they had been expressly recited and enumerated in the deed." *Morgan* v. *Moore*, 3 Gray, 319. *Lunt* v. *Holland*, 14 Mass. 149. *Davis* v. *Rainsford*, 17 Mass. 207. *Parker* v. *Bennett*, 11 Allen, 388. *Murdock* v. *Chapman*, 9 Gray, 156.

This rule of interpretation is applied to the ascertaining of incidental rights as well as the principal subject matter of the grant. In *Farnsworth* v. *Taylor*, 9 Gray, 162, it operated to give the grantee the right to have a private way kept open to the width of seventy feet at its outlet, against the lands of other purchasers from the same grantor, although by his deed he was bounded " on a forty feet street ; " because the plan represented such a widening of the street at that point. In *Rodgers* v. *Parker*, 9 Gray, 445, a deed of land bounded " on a passage called Hancock Avenue on said plan," was held to give to the grantee a right of way, not only to the outlet of the avenue, but also in the opposite direction as far as the avenue extended, although there was no outlet at that end. In this respect it corresponds with *Thomas* v. *Poole*, above cited. In *Stetson* v. *Dow*, already cited, the avenue referred to extended from one street to another and the defendant, who was bounded upon it at one end, was held to have a right of way through to the other end.

The present case differs from all those cited, in that the passageway referred to as a boundary does not terminate, at either end, in a public street. At one end it enters Lynde Street, upon

which the plaintiffs' land is also bounded; at the other it enters another narrow passageway extending across from Third Street to Fourth Street. The case finds that all these streets and passageways were owned by the Charlestown Wharf Company, who caused the whole tract to be laid out in streets, ways and lots, and from whom both parties derive title.

But the grantee of an interior lot upon such a plan, referred to in his deed, cannot be restricted in his rights to the single passageway upon which he is bounded. The law will imply in his favor the right to use the passageway upon which he is bounded, not only for the purpose of going back and forth upon it, but also for the purpose of reaching the public ways, by means of such other avenues as his grantor has, by his plan, represented to exist. If there are two or more of such avenues, it is not for the grantor to say that his grantee shall be restricted to one only. The deed is to be taken most strongly against him, and in furtherance of the beneficial operation of his grant. *Atkins* v. *Bordman*, 2 Met. 457. *Saltonstall* v. *Long Wharf Proprietors*, 7 Cush. 195, 201.

We are of opinion, therefore, that, by the proper construction of the deed to the plaintiffs, they acquired the right to use not only the passageway on which their lots were bounded, but also such other connecting ways, represented on the plan, as would enable them to reach the public ways in either direction; provided their grantor's title was sufficient therefor. And as the deeds of all the other lots were made with reference to the same plan, and contained similar provisions in regard to the way, we think the grantor retained sufficient title to give full effect to the deed to the plaintiffs, according to the construction here adopted.

Another view of the case is perhaps equally decisive. On October 3, 1838, the Charlestown Wharf Company conveyed all the lots between Third and Fourth Streets, except the four which made up the entire section fronting on Third Street, having its rear upon the passageway named in the plaintiff's deed, and extending from Lynde Street to the narrow cross passageway, to which this controversy relates. The deeds of those lots, which were bounded on the passageways respectively, contained words,

as to the right of passing and repassing thereon, similar to those in the deed to the plaintiffs, which were as follows, after declaring that the tract of land conveyed includes certain lots numbered on a plan made by Eben Barker, dated October 3, 1838, recorded with Middlesex deeds : "And the right in common with said corporation, its successors and assigns, and all others having the like right, to pass and repass in and over said passageway, which right is appurtenant to each of said granted lots."

. The right thus retained by the Charlestown Wharf Company applied to both passageways, and was appurtenant to its remaining land. It was appurtenant, therefore, to each of the several lots into which that land was divided. *Underwood* v. *Carney*, 1 Cush. 285. *Whitney* v. *Lee*, 1 Allen, 198. By the subsequent conveyance to the plaintiffs of three of those lots, this right would pass, even without express words, as appurtenant thereto. The fact that a fourth lot intervened between those conveyed and the cross passageway, would not sever the appurtenance of the way.

The express words in the deed to the plaintiffs are not inconsistent with the right as claimed by them. On the contrary, when taken in connection with the plan, they favor the inference of an intent to give a passageway open at each end ; thus requiring the use of the cross passageway which was retained by the Charlestown Wharf Company in its conveyance of the lots bounding thereon.

The plaintiffs then are entitled to recover for any obstruction of their right of way through the passageway between Third and Fourth Streets. The ruling of the superior court is accordingly reversed, and the case remanded to that court for further proceedings.                                        *Verdict set aside.*