GERARD C. TOBEY & others *vs.* CITY OF TAUNTON.

Bristol.   Oct. 29, 1875. — Jan. 10, 1876.   MORTON & LORD, JJ., absent.

A deed, in which the land conveyed is bounded upon a private way, estops the grantor and those claiming under him to deny the existence of the way for its entire length, as then actually laid out, or clearly indicated and prescribed.

At the time of a conveyance to A. of land in a city, bounded in the deed by a street, the grantor was the owner of the street. It was then used as a street and its boun

daries were marked out and defined by rows of trees and fences, which boundaries included a portion of the land afterwards conveyed by the same grantor to B., and situated at the corner of the street. On a petition by B. for the assessment of damages for the taking by the city of a portion of the land conveyed to him, for laying out the street, the jury were instructed, at the request of the city, that if the grantor was the owner of the street at the time of the conveyance to A., and at that time the street was fully defined and marked out by having fences and trees to indicate its width, and that deed was duly recorded, neither the grantor nor any one claiming under him would have a right to obstruct any part of the street as indicated by the fences and trees as they were at the time of the conveyance, and the jury can find for such land only such damages as B. would be entitled to for laying out a street over land over which A. had a right of way. The petitioner requested an instruction to the jury that the declaration in the deed to A. did not impair the right of the petitioner to full damages for all the land embraced in his deed and included in the way laid out. This instruction was also given, with the addition, "but it is for the jury to say what that right is." *Held,* that the instructions were conflicting, and that that given at the request of the petitioner was erroneous. *Held, also,* the deed to A. being upon certain conditions subsequent, that it was for B. to show that that deed had been defeated by breach of condition and entry therefor, and that, if not so shown, it was proper for the jury to consider, upon the question of value, that the land was subject to A.'s right of way.

PETITION by the heirs of Joshua B. Tobey to the county commissioners for a jury to assess damages for the taking of land, on the corner of Main Street and Trescott Street in the City of Taunton, by the respondent, to lay out Trescott Street.

At the trial before a sheriff's jury it appeared that by the laying out of Trescott Street twenty-one and one quarter feet of the petitioners' land on Main Street was taken and about twelve feet on the rear line. The land of the petitioners was conveyed to Joshua B. Tobey by Samuel T. Tisdale on November 1, 1856.

The respondent, for the purpose of showing that the rear portion of the petitioners' land was incumbered by a right of way, put in a deed from Tisdale to the Central Christian Society, dated May 2, 1848, of " a certain lot of land in said Taunton on the westerly side of Trescott Street." The deed then described the land by courses and distances, one of the bounds being " thence with the line of said street eighty feet." Following the description was the following clause : " Reserving one pew in the church which is to be erected by said society on the above named lot to be selected by myself and to be mine free from all taxes and rents, while the society shall have an existence, and whenever said society shall disband, the above described land with the

improvements thereon, excepting the house above the basement
with the furniture and fixtures thereto belonging, shall revert
back to the said Tisdale, and his heirs and assigns. Provided
said church edifice be completed within one year from the date
hereof."

At the time of the above conveyance, Tisdale was the owner
of the land which is now Trescott Street, and of the land of the
petitioners.

The respondent offered evidence tending to show that at that
time also, Trescott Street was used as a street, and that its boun-
daries were marked out and defined by rows of trees and fences,
and that such boundaries included a portion of the land after-
wards sold to Tobey, namely, the portion in the rear of the build-
ing which was then standing on the land and which was the same
building that was there when the street was laid out by the city.

By a plan of the land made after the conveyance by Tisdale
to the Central Christian Society, and before the conveyance to
Tobey, it appeared that the society's land was distant about five
hundred feet from that sold to Tobey. The plan also repre-
sented Trescott Street as thirty-one feet wide until it reached
the land sold to Tobey, which parcel of land, together with that
on the other side of the street, projected into it, thereby narrow-
ing the way to seventeen and a quarter feet, at which width it
continued for one hundred and one feet until it reached Main
Street.

The respondent asked for the following instruction, which was
given: "That if Samuel T. Tisdale was the owner of the land
which is now Trescott Street, on May 2, 1848, when he made
his deed of a tract of land on the west side of this street to the
Central Christian Society, and at that time Trescott Street was
fully defined and marked out by having fences and trees to in-
dicate its width, and the deed of the Central Christian Society
was duly recorded, then neither Samuel T. Tisdale nor any one
claiming under him would have a right to obstruct any part of
Trescott Street as indicated by the fences and trees as they ex-
isted May 2, 1848, and the jury can find for such land only such
damages as the petitioners would be entitled to for laying out a
street over land over which the Central Christian Society, their
successors and assigns, had a right of way."

The petitioners asked for the following instruction upon the same subject: " That the declarations in the deed from Samuel T. Tisdale to the Central Christian Society do not impair the right of the petitioners to full damages for all the land embraced in the deed to their ancestor, Joshua B. Tobey, and included in the way laid out." This instruction was also given with the addition, " but it is for the jury to say what that right is."

The jury returned a verdict for the petitioners. In the Superior Court the petitioners moved that the verdict be accepted and recorded. This motion was denied and the verdict set aside; and the petitioners appealed.

*W. H. Fox*, for the petitioners. 1. The petitioners' land was unincumbered with a right of way. The deed to the Central Christian Society, given in 1848, describes the estate conveyed to it as " on the westerly side of Trescott Street." It does not say how far the street extends, either in length or width ; does not refer to any visible boundaries, nor even to any plan of the street. As the respondent claims the facts to be, it could not have been a well-defined street, for if the testimony offered by it was true, the building on the petitioners' land was projecting twenty-one and one fourth feet abruptly into the street. The position of the respondent is that the deed to the society gave the society a right to keep this angular area directly in the rear of this building, and five hundred feet from the society's land, open, if it was within the rows of trees and fences on the day of the conveyance to the society, even though it might not have been of any practical use as a way to and from its land. No decision in this Commonwealth has gone to this extent. In *Parker* v. *Smith*, 17 Mass. 413, and *O'Linda* v. *Lothrop*, 21 Pick. 292, it is held that where one conveys land bounded on a way or street, he is estopped to deny the existence of a way or street coextensive with the land conveyed. This case is precisely like those, except that here the grantor gave a name to the way or street, on which the land was bounded. *Tufts* v. *Charlestown*, 2 Gray, 271, does not extend this rule. The first case, where the court holds that the grantee has a right to have the way kept open beyond the line of his own land, is *Thomas* v. *Poole*, 7 Gray 83, where the land conveyed was bounded upon a way or street staked out, to be opened thirty feet wide, extending from Main

Street to land of S. In *Farnsworth* v. *Taylor*, 9 Gray, 162, *Rodgers* v. *Parker*, 9 Gray, 445, and *Fox* v. *Union Sugar Refinery*, 109 Mass. 292, the street was delineated upon a plan referred to in the deed and recorded. In *Stetson* v. *Dow*, 16 Gray, 372, there was a covenant in the deed that if an avenue was opened as laid out on a plan it was to be open and free to the abutters. The distinction between these latter cases and the present case is not trifling. When Tobey bought his land in 1856, according to the plan then exhibited, there was nothing to lead him to suspect that the way was not the same in 1848 as the plan then indicated. The records did not show it. No monuments or occupation of the land showed it. Must he look for parol evidence of the position of perishable fences during the twenty-four hours of May 2, 1848? Even if the deed to the Central Christian Society gave it a right of way by implication, beyond the limit of its land, to the outlet of Trescott Street, it would not necessarily follow that the street must all the way be kept of the same width it then had. The right to pass out to Main Street has never been interfered with. The narrowest place has always been against the building of the petitioners, as it has stood since 1848. *Fox* v. *Union Sugar Refinery*, 109 Mass. 292.

2. The sheriff gave the instruction asked for by the respondent, and the instruction given at the request of the petitioners, was rendered harmless by the addition made to it by the sheriff, the evident purport of which was to leave to the jury, upon the evidence before them, the extent of the way and its effect in the diminution of damages. If the jury followed all these instructions, as it is to be presumed they did, they must have made an allowance for the incumbrance of a right of way. The instructions taken together amount to this: "1. A right of way existed. 2. It did not depend upon this deed." If the sheriff correctly stated the rights of the parties, the verdict should not be set aside because he erred in stating how those rights were acquired.

3. Any right of way which the society had was by estoppel, not by covenant, express or implied. *Howe* v. *Alger*, 4 Allen, 206. An estoppel can only be availed of by parties or privies. *Braintree* v. *Hingham*, 17 Mass. 432. The city is not a party or privy to this conveyance. In *Tufts* v. *Charlestown*, 2 Gray 271, it seems to have been assumed, without discussion, that the

city could avail itself of such declarations in the deed; but at that time, and until the case of *Howe* v. *Alger*, 4 Allen, 206, the cases had uniformly spoken of this right of way as one by implied covenant and not merely by estoppel.

4. There was no evidence that the right of way, if one ever existed, had ever been asserted or still existed. *Paine* v. *Woods*, 108 Mass. 160.

5. The conveyance to the Central Christian Society was upon the conditions subsequent that it should build a house within one year and that it should continue to exist and not disband. There was no evidence of either of these facts. The burden of proof was upon the respondent to show that the right of way still existed, or was claimed.

*G. E. Williams*, for the respondent.

DEVENS, J.   The two instructions, given at the request of the respondent and of the petitioners respectively, were important as affecting the value of the land, and are inconsistent with each other.   They cannot be reconciled by construing the first as a ruling that a right of way existed, and the second as a ruling that this right did not depend upon the deed of Tisdale to the Central Christian Society, in which case, the petitioners contend that, even if the sheriff erred in the latter instruction, the verdict should not be set aside, as it was an error only in stating how the rights of the society were acquired, and immaterial, inasmuch as the respondent was allowed the benefit of such deduction as should properly have been made on account of the existence of such a right of way.   The first instruction, given at the request of the respondent, attributes to the deed made by Tisdale to the Central Christian Society, in connection with the facts shown as to the existence of a street with a visible boundary, the effect of creating a right of way in favor of that society, its successors and assigns, over Trescott Street as it then existed; while the second, given at the request of the petitioners, states that the declarations in the deed " do not impair the right of the petitioners to full damages for all the land embraced in the deed to their ancestor, Joshua B. Tobey, and included in the way laid out."   Not only is a different effect given to the deed in the two instructions, but a different rule of damages prescribed for the jury.   Nor is the inconsistency rectified by the addition made by

the presiding officer to the latter instruction, "but it is for the jury to say what that right is." Assuming that he did not thereby leave the jury to judge what the right of the petitioners was under the deed, but only left them to determine its value, (which is the construction most favorable in order to sustain the ruling,) it still left them to determine the value of the right of the petitioners to full damages unimpaired by any declarations in the deed previously made to the Central Christian Society.

Even if the rulings are inconsistent, it is to be decided, however, whether the latter ruling was erroneous, because if this were correct, while that first given was otherwise, the respondent could have no ground of complaint, as any error into which the jury may have fallen by reason of the confusion in the instructions would necessarily have been in its favor, and the petitioners are satisfied with the verdict.

When a grantor conveys land bounding on a street or way, he and his heirs are estopped to deny the existence of such street or way, and the right thus acquired is not only coextensive with the land conveyed, but embraces the entire length of the way as it is then actually laid out or clearly indicated and prescribed. *Stetson* v. *Dow*, 16 Gray, 372, and cases cited. *Fox* v. *Union Sugar Refinery*, 109 Mass. 292, 295. The deed to the Central Christian Society bounded its lot on the westerly side of Trescott Street, the grantor being then the owner of the street, and there was evidence that it was then used as a street, its boundaries marked and defined by rows of trees and fences, and that within them was included a portion of the land afterwards sold to Tobey, and for the taking of which the petitioners now claim damages, namely, the portion in the rear of the building then standing on the land, which same building was there when the street was laid out by the city. It is contended that as this area in the rear of the building could have been of no practical use to the society in going to or from its land, it would have no right to have the area kept open for that purpose, even if it was within the rows of trees and fences defining the street on the day of the conveyance. But the way as marked out by its monuments was in view of the parties; its location may fairly be supposed to have entered into the consideration of the purchase; and the question is not here of how much value this portion of the

way was as then defined, but whether the right to use it passed by estoppel as against the grantor. That it did so pass, and thereby that a servitude was imposed upon the land afterwards granted to Tobey, who took his land subject to it, is well sustained by the authorities. *Thomas* v. *Poole*, 7 Gray, 83. *Rodgers* v. *Parker*, 9 Gray, 445.

While Tobey did not have notice as clear and effectual as he would have had if a plan had been made and recorded at the time of the deed to the Central Christian Society, instead of a definition of the street by perishable monuments, yet, when he bought in 1856, he had notice by the record that his grantor had in 1848 sold a tract of land bounding on Trescott Street, and it was for him to inquire what that street then was. If he purchased upon the faith of a plan exhibited to him which did not correctly indicate it, such purchase could not deprive the society of its right, or diminish the extent of the street.

Nor, although the right of way which the society had was by estoppel, does the respondent seek to avail itself of it in any such sense as that intended when it is said estoppels can only be availed of by parties or privies. *Howe* v. *Alger*, 4 Allen, 206. *Braintree* v. *Hingham*, 17 Mass. 432. It asserts no rights by virtue of this estoppel, but in determining what it is to pay on account of land taken by it for public purposes, the fact that the land is subject to certain servitudes which diminish its value, is a legitimate ground for deduction.

The respondent undertook to show that this right of way existed by the deed to the Central Christian Society. That deed was of an estate defeasible on certain conditions subsequent. The burden of proof was on the petitioners to prove that such estate had been defeated by breach of condition and entry therefor, and that consequently they were entitled to damages for injury to the entire estate. *Verdict set aside.*