FRANKLIN INSURANCE COMPANY *vs.* CHARLES A. COUSENS.

Middlesex. Jan. 7. — July 10, 1879. COLT & AMES, JJ., absent.

The owner of a parcel of land bounded on each side by a street built a hotel on the southerly portion of it having a front on C. Street, and laid out over his remaining land, the whole of which was known as C. Square, a way thirty feet wide, from C. Street to the street in the rear of the hotel. He then mortgaged to A. the land on which the hotel stood, describing it by metes and bounds which excluded the way. The land was conveyed with all the appurtenances thereto belonging; and the boundary line was described as beginning at the corner of C. Street and C. Square, and its northerly line as on C. Square. After A.'s deed was duly recorded, the original owner mortgaged his remaining land to B., describing it by metes and bounds which included the way. Both mortgages were duly foreclosed. *Held,* that A. had, as against B., a right of way appurtenant to his land over the way thirty feet wide.

TORT for obstructing the plaintiff's right of way over Cedar Square, so called, in Cambridge. Writ dated January 24, 1878. The case was submitted to the Superior Court on agreed facts in substance as follows:

On February 19, 1873, Samuel G. Reed, who owned a large tract of land in Cambridge, bounded by Cedar Street, Belmont Street and McLean Place, as shown on the plan printed in the margin,* by deed duly recorded on the same day, mortgaged to

---

\*

the plaintiff a parcel of this tract, with the buildings thereon, bounding and describing it as follows: " Beginning at the corner of Cedar Square and Cedar Street, and thence running by said Cedar Street ninety-one feet and six inches to McLean Place, so called, then by said McLean Place one hundred and twenty five feet, then on a line parallel with said Cedar Street and with the front line of the lot of land hereby conveyed ninety-one feet and six inches, then by said Cedar Square one hundred and twenty-five feet to the point of beginning; containing eleven thousand four hundred and thirty-seven square feet of land more or less, or however otherwise the said premises may be bounded, measured or described, being the same lately known as Hotel Flanders." The habendum contained the usual clause "with all the appurtenances thereto belonging." The lot conveyed is that marked A B C D on the plan.

Before the date of the mortgage, Reed had laid out and graded over his land, on the northerly front of the mortgaged premises, a way about thirty feet wide, running from Cedar Street to McLean Place. This way is marked A E F K on the plan. The entire parcel of land north of the mortgaged premises, and bounded by McLean Place, Belmont Street and Cedar Street, was known as Cedar Square. Curved curbstones had been set by the city of Cambridge at the corners of the way and the sidewalks on Cedar Street outside of the premises conveyed; and the way had been, and was at the time the mortgage was given, used by Reed as a private foot and carriage way and means of access to his hotel, and, after possession taken by the plaintiff, and until the acts of the defendant herein mentioned, was so used by the plaintiff.

The hotel, at the time of the mortgage, was and has ever since been a large building, facing Cedar Street and Cedar Square, having hotel entrances on a piazza along Cedar Square, and covered steps leading from the piazza down into Cedar Square, which piazza was in the fall of 1876 divided by Reed into two parts by a partition, as shown in the plan; and there was also an entrance to the piazza along and over the platform on Cedar Street, and by a step leading to the piazza from the platform.

On August 17, 1876, Reed by deed duly recorded on August 29, 1876, mortgaged to the defendant a lot of land bounded and ·

described as follows: "Beginning at the southwest corner of Cedar and Belmont Streets, and running westerly by said Belmont Street one hundred fifty-three and $\frac{32}{100}$ feet to McLean Place, thence turning and running southerly by said McLean Place seventy-five feet and $\frac{50}{100}$, thence turning and running easterly by other land of said Reed one hundred fifty-three and $\frac{32}{100}$ feet to Cedar Street, thence turning and running northerly by said Cedar Street seventy-five and $\frac{50}{100}$ feet to the point of beginning, and containing eleven thousand five hundred and seventy-six square feet of land more or less." The land conveyed is marked E A L G on the plan.

On July 6, 1877, the plaintiff duly entered to foreclose its mortgage, recorded the certificate of entry, and since the entry has been in possession of the premises described in the mortgage.

On June 13, 1877, the defendant entered to foreclose the mortgage to him, and duly recorded the certificate of entry. He also duly sold the mortgaged premises, under a power in his mortgage, on July 11, 1877, and bought them himself, being authorized to do so under the power. The defendant has had possession of the premises mortgaged to him since his entry, but the plaintiff has always asserted its right as before set forth.

After the entry and sale by the defendant, and before the date of the writ in this action, the defendant put up, and has since maintained, as shown by the dotted lines on the plan, a fence upon and across the way at each end thereof, and over and upon the platform on the Cedar Square front of the hotel and the steps leading therefrom to Cedar Square.

If, upon the above facts, the plaintiff was entitled to maintain the action, judgment was to be entered for it for nominal damages; otherwise, judgment for the defendant.

The Superior Court ordered judgment for the plaintiff in the sum of $1, and the defendant appealed to this court.

*C. Browne & Jabez S. Holmes*, (*A. P. Browne* with them,) for the plaintiff.

*J. D. Long*, for the defendant.

MORTON, J. The mortgage deed under which the plaintiff claims conveys to it a lot of land one of the boundaries of which is described as on "Cedar Square," being the premises "lately known as the Hotel Flanders." Before this deed was made,

Reed the mortgagor, being the owner of the land now claimed by the plaintiff and the defendant, had laid out and graded over the land claimed by the defendant, on the northerly front of the plaintiff's premises, a way thirty feet wide, running from Cedar Street to McLean Place.

This way was graded and finished, curved curbstones having been set up by the city at the corners of Cedar Street, and was intended and used by the defendant, and by the plaintiff after it took possession, as a private foot and carriage way and means of access to the Hotel Flanders.

The only question in this case is whether the plaintiff took by implication a right of way over the thirty-foot passageway; and we are of opinion that it did. The rule is, that, when a grantor conveys land bounded on a street or way over his other land, he and those claiming under him are estopped to deny the existence of such street or way. *Tobey* v. *Taunton*, 119 Mass. 404. *Lewis* v. *Beattie*, 105 Mass. 410. *Howe* v. *Alger*, 4 Allen, 206.

If the plaintiff's northerly line had been described as bounded upon a way or passageway thirty feet wide, it is too clear to admit of discussion that the grantor and the defendant claiming under him would be estopped to deny the plaintiff's right to a way thirty feet wide between Cedar Street and McLean Place.

It can make no difference that the way is called by another name. The question is whether the thing intended as a boundary was in fact a way; if it was, it is immaterial whether it is called a way, or a street, avenue, lane, road, place or court.

Thus, in the case at bar, there seems to be a street called " McLean Place," which is a boundary of the lands of both the plaintiff and defendant. But clearly the same rules of law would be applicable whether it is called McLean Street or McLean Place.

The question then is, whether in the deed to the plaintiff the parties understood and intended the northerly boundary to be upon a way thirty feet wide called Cedar Square. Such a way had been laid out, graded and used in connection with the hotel, which had been adapted to it by steps and otherwise. Though " Cedar Square " was the name by which the area of land extending to Belmont Street was known, yet it included this way,

and the plaintiff had the right to understand that its no..therly boundary was such way.

The language of the deed, " beginning at the corner of Cedar Square and Cedar Street," implies that the point of beginning is the corner of two ways or streets. It is only appropriate to describe such a corner. The grantor had made this part of his ad- joining land a way in fact, upon which he bounded the plaintiff.

The questions whether the plaintiff acquired a fee to the middle of the way, or any right in the other land of the grantor between the way and Belmont Street, are not before us. This action is for an obstruction of the way, and not for a trespass.

We are of opinion that the plaintiff had a right of way over the thirty-foot way in front of the hotel, called Cedar Square, which the defendant is estopped to contest; and therefore that this action can be maintained.                    *Judgment affirmed.*