## DAVID CROWELL *vs.* INHABITANTS OF BEVERLY.

Essex.   Nov. 8, 1882. — Jan. 9, 1883.   C. ALLEN, COLBURN & HOLMES, JJ., absent.

In 1867, P., the owner of a parcel of land, opened and dedicated a private way over his land to a public street. In 1871, the town authorities laid a water-pipe under this way, and extended it in the same direction under the land of C., whose land adjoined that of P., and graded the land of C. for a certain width to another public street, and put up a sign designating the part thus graded as a private way. The way thus made was thereafter used by travellers. In 1874, P. sold to C. a strip of land five feet wide bounding in fact on the way dedicated by him, but describing it as bounded on his own land, without mentioning the way. In 1879, C. sold to S. this strip of land, and also a lot in the rear, describing the whole by one description, as bounding " by a way called S. Street." In 1880, the town laid out a town way over the land dedicated by P. and over C.'s land in the place where it had been graded in 1871. *Held*, on a petition by C. against the town to recover damages for the land so taken, that C. was estopped

by his deed to S. to deny the existence of the way over his own land; and that the right of way of S. was an encumbrance which the jury might consider in estimating the value of the land taken by the town.

At the trial of a petition for the assessment of damages caused by the taking of land by a town, it appeared that the petitioner had conveyed a parcel of land to one S., bounding it upon a way, a part of which way ran over his own land and a part over the land of an adjoining owner, the latter part lying directly in front of the land granted. The judge instructed the jury, that the petitioner was estopped, so far as S. was concerned, from denying the existence of the way, and could not shut up the portion of the way which was upon his own land; that this would constitute an encumbrance on the land, which the jury might take into consideration in estimating the value of the land; and that "the description in the deed to S. was a covenant that there was such a way." *Held*, that the instruction was erroneous in stating that the deed operated by way of covenant, but that this error did not prejudice the petitioner; and that he had no ground of exception.

PETITION for the assessment of damages caused by the taking of the petitioner's land for a town way. Trial in the Superior Court, before *Wilkinson*, J., who allowed a bill of exceptions, in substance as follows:

There was evidence tending to show that the petitioner was the owner of a tract of land bounding on Lathrop Street in the respondent town, extending back from said street three hundred feet or more in a northerly direction to land of one John Pickett; that over and across the petitioner's land and the land of Pickett the selectmen of the respondent town, in 1880, laid out a town way extending from Bartlett Street to Lathrop Street, for which damages were sought in this action; that, prior to the laying out of said town way, Pickett, in 1867, opened and dedicated a private way, forty feet in width, over his said land, extending back from Bartlett Street as far as the petitioner's land, and called the same a continuation or extension of Stone Street, which was a public street extending northerly from the opposite side of Bartlett Street; that Pickett sold lots upon said private way, and dwellings were erected upon said lots; that, in 1871, the selectmen of the respondent town, while laying through the streets the main pipes for the distribution of water, carried one of such pipes through the private way laid out by Pickett, and extended and continued the same across the petitioner's land, (which up to this time he had occupied as a flake-yard in his own business,) to connect with the main pipe on Lathrop Street, for the purpose of getting a better supply of water in

that section of the town for household uses, and of equalizing the pressure; that in laying the pipes across the petitioner's land, in which he was not consulted nor his assent thereto obtained, except so far as his assent might be inferred from after knowledge and acquiescence therein, the selectmen removed the flakes therefrom, and were obliged to grade the land, to the width of about forty feet, in order to lay the pipes; that, after it was graded and the pipes laid, carriages and persons on foot passed over the petitioner's land, thus graded, from Lathrop Street, to and over the private way laid out by Pickett, to Bartlett Street, as over any public way, until the laying out of the street in 1880, which street was laid out over the same land graded by the selectmen for water pipes; that upon the petitioner's land, on Lathrop Street, which was about four feet above the grade of said street and had never been fenced, the selectmen, where they cut through and graded, at one time placed a sign, "Private way, dangerous passing."

For the purpose of showing that the land in question was encumbered by a right of way, and that the value of the same was thereby diminished, the respondent offered in evidence a deed from the petitioner to one Alden C. Stevens, executed in 1879, of a parcel of land, one of the boundaries of which was as follows: "Beginning at a corner at the east, thence running westerly fifty-three feet by a way called Stone Street." It was admitted that the petitioner did not own at the time of the conveyance, and never owned, the land lying south of the lot, and over which land said way extended, but that it was the property of Pickett; and that the portion of the lot which was sold to Stevens bounded on said way, and was purchased of Pickett in 1874 by the petitioner, the deed bounding it "southerly and westerly by my own land," and describing it as a strip five feet wide. It was also admitted that the petitioner never had any right of way or easement over Pickett's land, unless the deed from Pickett gave him such right or easement.

The petitioner asked the judge to rule that the deed to Stevens did not estop the petitioner from denying that there was such a way, called Stone Street, as described therein; that the petitioner not owning the land lying southerly of the premises sold to Stevens, described in his deed "as a way called Stone

Street," there was no implied covenant that there was such a way, even if carriages and persons on foot passed over the same from Bartlett Street to Lathrop Street; and that no one except Stevens and those claiming under him had any right to take advantage of the covenant in the deed. But the judge declined to rule as requested, and instructed the jury that, if they should find upon all the evidence that, at the time of the conveyance to Stevens, there was a well-defined and graded way or street known as Stone Street, running from Bartlett Street to Lathrop Street and over the petitioner's land, upon which Stevens's lot bounded, then the description in the petitioner's deed to Stevens estopped him, so far as Stevens was concerned, from denying the existence of such way, and the description in the deed to Stevens was a covenant that there was such a way, and Stevens would have a right to go over the whole length, and the petitioner would be unable, as against Stevens, to shut up the portion of the street or way which was upon his own premises; that this would constitute an encumbrance upon the land when taken by the respondent; and that the jury might take it into consideration in estimating the value of the land, and might consider and determine how far such value was thereby diminished.

The jury returned a verdict for the respondent; and the petitioner alleged exceptions.

*C. Sewall*, for the petitioner.

*J. A. Gillis*, for the respondent.

MORTON, C. J. The deed from the petitioner to Stevens conveys a lot of land bounded " westerly fifty-three feet by a way called Stone Street." Under the instructions given them, the jury must have found that, at the time of this conveyance, there was a well-defined and graded way or street, known as Stone Street, running from Bartlett Street to Lathrop Street, partly over the petitioner's land and partly over land of Pickett. If the petitioner had owned the land covered by the way in front of the lot sold to Stevens, it is too clear to admit of any question that Stevens would have acquired, by estoppel, a right to the use of the way, at least over the petitioner's land, to its outlet at Lathrop Street. *Tobey* v. *Taunton*, 119 Mass. 404. *Fox* v. *Union Sugar Refinery*, 109 Mass. 292. *Howe* v. *Alger*, 4 Allen, 206.

It appeared in this case that Pickett owned the fee of the land under so much of the way as lay directly in front of the Stevens lot, and for a few feet southeasterly; and that the petitioner owned the fee in the land covered by the way from Pickett's line out to Lathrop Street. The petitioner contends that this takes the case out of the general rule. We know of no decisions which require us to hold that, under such circumstances, a grantee will not acquire a right of way over the grantor's land so far as it extends. And, upon principle, there are the same reasons in such a case for an estoppel in favor of the grantee, as in the ordinary case where the grantor owns the land in front of the granted premises. This doctrine of estoppel rests upon the ground that, when a man sells another a lot of land bounded on a street, the existence of the street enters into the consideration and enhances the value of the land; by bounding upon the street, he represents that there is a street, and both parties understand that the grantee is to have, as appurtenant to his land, a right of way over such street. It would be a breach of good faith for the grantor to close up the street, or to do any act which would defeat the intention of the parties and prevent the grantee from enjoying the right of way impliedly granted, and he is therefore estopped from doing so.

In the case at bar, when Stevens bought his lot, undoubtedly the fact that it was bounded on Stone Street, an established and graded street, entered into the views of the parties and affected the consideration paid. It is to be presumed that he knew the state of the title, and that he could not use the way over the petitioner's land, unless, by grant from Pickett or otherwise, he could use the way over the street in front of his lot. But this did not destroy the value or convenience of the right of way over the petitioner's land. It is true that, if Pickett, or any other person not claiming under the petitioner, should obstruct or close up the way in front of the lot, Stevens would have no remedy against the petitioner; but he had the right to assume that the petitioner would keep his faith towards him, and that, having bounded him on a street running largely over his land, and thus assured him that there was such a street, and thereby induced him to buy, the petitioner would not close up the street or deny him the use of it.

We are therefore of opinion that the petitioner by his deed to Stevens is estopped to deny that there is a way across his land; and that he granted by implication a right of way to Stevens from Lathrop Street over Stone Street so far as his land extended. This being so, the instructions given by the presiding justice of the Superior Court were substantially correct. He instructed the jury that the petitioner was estopped, so far as Stevens was concerned, from denying the existence of the way, and could not shut up the portion of the way which was upon his own land; and that this would constitute an encumbrance upon the land, which the jury might take into consideration in estimating the value of the land. The fact that the land taken by the town for a town way was subject to an easement or servitude which diminishes its value, is a proper ground for a reduction of the damages. *Tobey* v. *Taunton, ubi supra.*

The learned judge, probably through inadvertence, said also in his instructions that " the description in said deed to Stevens was a covenant that there was such a way." But this error could not prejudice the petitioner. In considering how much Stevens's right of way over the petitioner's land diminished the value of the land, it is quite immaterial whether, technically, the deed operates by way of estoppel or by way of covenant. In either case, the subject of inquiry, which is the right of way over the petitioner's land, would be the same.

*Exceptions overruled.*