ELSIE R. RILEY *et al.* v. ANNA STEIN *et al.*

TOWN LOTS—*Private Alley—Easement, Created.* The owners of certain town lots agreed to so arrange and divide the same as that they would face on Fourth instead of Quincy street, in the city of Topeka, as originally platted, and for the accommodation of purchasers set apart a strip of ground 12 feet wide on the north side of one of the lots, to be at some future time used as an alley. They afterward conveyed to a purchaser, with the usual appurtenances, 25 feet off of the west end of said lots, reserving a strip of ground 12 feet wide across the north end of the tract reserved for use as a private alley for all of said lots, and also a right-of-way over and across said 12-foot strip; and also deeded to other parties portions of said lots, describing the tracts so conveyed as running to an alley or along an alley. *Held*, That while the grantors reserved the ownership in the strip designated as a private alley, the several grantees acquired an easement over the strip of land referred to, as against the grantors.

*Error from Shawnee District Court.*

ACTION by *Elsie R. Riley* and others against *Anna Stein* and another, to enjoin defendants from obstructing a private

alley.   There was a judgment for defendants, and plaintiffs
bring error.   The other facts are stated in the opinion.

*W. P. Douthitt*, for plaintiffs in error:

The easement in an alley 12 feet wide was an appurtenant of
some considerable value to purchasers of these parcels of lots,
located as they were.   It is admitted by all these purchasers,
except the cross-petitioner, Johnson, that they are not seized
in the *demesne* of this 12-foot strip aforesaid as of fee, but
insist that they are seized as of fee of the way leading over
said strip.   The *dominicum* of the strip is admitted to be in
the Steins, but the appendage or service thereof as an alley is
in the purchasers.   By these several conveyances aforesaid and
the recitals therein, said recitals being the solemn expression
by deed of the orally-expressed design of the grantors in re-
gard to a strip of land of which they reserved the ownership,
the said grantors conveyed to these several purchasers the
easement or service of and to said strip as an alley.   *Howe v.
Alger*, 4 Allen, 211; *Lindsay v. Jones*, 25 Pac. Rep. 297, and
authorities cited; Washb. Easem., pp. 222, 244, and authori-
ties cited; *Cox v. James*, 45 N. Y. 562; *Warren v. Blake*, 54
Me. 281.

And for a general discussion of the subject, see *Story v. Ele-
vated Rld. Co.*, 90 N. Y. 122, and especially the opinion of
Tracy, J., therein.

And this is so, even if said 12-foot strip of land was never
actually laid out and dedicated as an alley; or, if it was, at
the time of the several conveyances, devoted to other uses
than as an alley.   At the time of the delivery of the several
conveyances aforesaid, the use of the said 12-foot strip as an
alley passed, and became vested in the purchasers, their heirs
and assigns, of the parcels aforesaid, as appurtenant to said
parcels, and only by abandonment or nonuse for a period of
15 years would such use and appurtenant revert to the own-
ers of the fee of said 12-foot strip.   Washb. Easem., p. 266,
and authorities cited.

The Steins are estopped from denying the existence of the

easement they created and conveyed as appurtenant to said parcels of land, and must say now that to be an alley which was an alley then. Bigelow, Estop., p. 370, and authorities there cited.

*Hazen & Isenhart,* for defendants in error:

The cases of *Hopkinson v. McKnight,* 31 N. J. L. 422, and *Bechtel v. Carslake,* 3 Stock. (N. J. Eq.) 500, are each identical with the case at bar, and in a very elaborate opinion, rendered in each of said cases, many authorities are considered, and it is in substance decided, that mentioning an alley as one of the boundaries in a deed does not amount to a grant of an alley, nor is it an expressed or implied covenant that an alley will be opened where none existed before; that before the plaintiffs would be entitled to a private alley, it should be proven that they paid an increased price for the land, relying upon such expectation; that even if a parol agreement was made to open this alley, a court of equity could not compel its execution; that where there is no street or alley actually in existence, and no map by which its location can be ascertained, then the mere reference to an alley or street amounts to nothing. In such a case, if the grantee relies upon the use of an alley, he should have a covenant placed in his deed to secure it.

Some cases are cited which it is claimed support the theory of the plaintiffs herein, but the case of *Story v. Elevated Rld. Co.,* 90 N. Y. 122, is most relied on. In that case it will be seen that the street in controversy had been laid down on a map, and the land had been divided into lots, blocks, streets, and alleys. The street in question was actually in existence, and by describing land as bounded on this street the defendant was estopped from denying its existence. And the same is true of every case cited.

The claim of the defendant Johnson, that he misunderstood the construction of a certain clause in his deed, can in no event afford him any ground of relief. See *Oswald v. Sproehul,* 16 Ill. App. 368.

As bearing on the questions herein, see *Kenyon v. Nichols,* 1 R. I. 411; *Grant v. Chase,* 17 Mass. 443; *Kasser v. Berry,* 44 Mich. 393.

Opinion by GREEN, C.: This was an action brought by the plaintiffs in error to perpetually enjoin Anna and William C. Stein from closing up or obstructing a certain tract of land which was claimed to be a private alley. On the 9th day of June, 1882, Anna Stein owned the fee in lots 107, 105, and the south half of 103; and Anna and William C. Stein, her husband, were the owners of the north half of lot 103 and all of lots 101 and 99, all situated on Quincy street, in the city of Topeka, in Shawnee county. It seems that the owners of said lots arranged to divide them so that they should face on Fourth street instead of Quincy, as originally surveyed and platted; and that, for the accommodation of the purchasers who might purchase parcels of this land with frontage on Fourth street, there should be set apart a strip of ground 12 feet wide on the north side of lot 99, on Quincy street, to be at some future time used by the owners of the several lots or parcels of land, to be conveyed by them, on Fourth street for a private alley; and Stein and wife, it seems, intended and designed to so reserve the 12 feet of land for this purpose before they sold any of the land. On June 9, 1882, Anna and William C. Stein, through their agent, sold and deeded to James H. Johnson the following-described parcel of land, together with all of the appurtenances, to wit:

"The west 25 feet of lots numbered 99, 101, 103, 105, and 107, on Quincy street, in the city of Topeka, *except a strip 12 feet wide across the north end of said tract reserved for use as a private alley for all of said lots; also a right-of-way over and across said 12-foot strip.*"

These five lots, being located on the northwest corner of Quincy and Fourth streets, extended 125 feet on Quincy street and 150 feet back on Fourth street to an alley running north and south in the block. On March 1, 1884, Stein and wife deeded to George F. Riley, the deceased husband of the

plaintiff in error, the following-described parcel of said lots fronting on Fourth street, to wit:

"Beginning at a point 45 feet west of the southeast corner of lot No. 107 on Quincy street, in the city of Topeka, Kas., and running thence west along Fourth avenue in said city 40 feet; thence north parallel to said Quincy street 113 feet *to an alley;* thence east 40 feet; thence south 113 feet to the place of beginning."

The said Steins then and there were reserving a strip of ground 12 feet wide off the north side of lot 99 for a private alley. On September 6, 1884, the Steins conveyed of said lots to W. H. Riley, by warranty deed, the following-described parcel fronting on Fourth street, with all of the appurtenances, to wit:

"Commencing at a point in the south line, and west of the southeast corner of lot 107, Quincy street, city of Topeka, 85 feet; thence northerly and parallel to Quincy street 113 feet, across lots 107, 105, 103, 101, and 99, *to an alley;* thence westerly 25 feet *along south side of said alley;* thence southerly 113 feet, parallel to Quincy street; thence easterly 20 feet, to the place of beginning."

On the same day they conveyed to Hannah C. Riley the following-described tract:

"Commencing at a point in the south line, and west of the southeast corner of lot 107, Quincy street, city of Topeka, 105 feet; thence northerly and parallel to Quincy street, across lots 107, 105, 103, 101, and 99, Quincy street, 113 feet, *to an alley;* thence *westerly along the south side of said alley* 20 feet; thence southerly and parallel to Quincy street 113 feet, to Fourth street; thence easterly along Fourth street 20 feet, to the place of beginning."

The court found that Stein and wife —

"At the time of the conveyances to W. H. Riley and Hannah C. Riley represented to them that the 12-foot strip on the north side of lot 99, on Quincy street, was a private alley from Quincy street west 150 feet to the alley on the west side of said lots, to be used by the purchasers of said lots."

By these several conveyances, the Steins deeded all of lots 99, 101, 103, 105, and 107, except 45 feet off the east end

thereof, which they reserved to themselves; and except the 12-foot strip off the north side of lot 99, which has been referred to in all of the conveyances as an alley. Upon the above state of facts, the court below found for the defendants. The plaintiffs in error and one of the defendants below, James H. Johnson, ask that the judgment of the district court be reversed.

It is contended that, by these several conveyances and the recitals therein, the grantors, while they retained the ownership of the strip of land designated as a private alley, conveyed to the several purchasers the easement of service of said strip as way to and from the lots sold. The question to be determined in this case is, have William C. Stein and wife, by the execution of these several deeds and other acts, given to the grantees an easement over the ground now claimed as a private alley? The exception and reservation in the Johnson deed is in the following language: "Except a strip 12 feet wide across the north end of said tract, reserved for use as private alley for all of said lots; also a right-of-way over and across said 12-foot strip." The other deeds contained recitals as to the alley. Did the grantors convey a right to an alleyway to the grantees by these several deeds? In the case of *Lewis v. Beattie*, 105 Mass. 411, which was an action for the obstruction of the plaintiff's easement in a way leading from a highway, and the deed to the plaintiff described the land as running to and bounded on a way 40 feet wide, the grantors were the owners of the fee covered by the way mentioned in the conveyance. The court said: "Standing by itself, this deed would carry the title to the middle of the strip described as a way, with an easement reserved to the grantors over the half conveyed, as well as to whatever rights-of-way existed in others at the time." (*Fisher v. Smith*, 9 Gray, 441; *Winslow v. King*, 14 id. 321.) The rule has been stated: "That when a grantor conveys land bounded on a street or way over his other land, he and those claiming under him are estopped to deny the existence of such street or way." (*Franklin Ins. Co. v. Cousens*, 127 Mass. 261; *Tobey v. Taun-*

*ton,* 119 id. 404; *Lewis v. Beattie,* supra; *Howe v. Alger,* 86 id. 211.)

In *O'Linda v. Lothrop,* 21 Pick. 292, where the owner of a narrow strip of land, and also of land adjoining it on the north and on the south, conveyed to the same grantee two parcels of land, one of which is described as bounded south on a "street," and the other as bounded north on an "intended street," the strip of land first mentioned being referred to by these words, it was held that the fee in such strip did not pass by the deed; but that the grantee acquired a right-of-way thereon by implication, or on the principle of estoppel. In that case there was nothing in the deed of right-of-way over the street, but the court held that the grantor was estoped to deny that it was a street or way to the extent of the land referred to, holding that it was an implied covenant on his part that there was such a street.

In *Parker v. Smith,* 17 Mass. 413, the principal question was the construction of a deed in which a piece of land was described as being bounded southwardly and westwardly on a way or street. The court, through Chief Justice Parker, held that by this description the grantee and his heirs were estopped from denying that there was a street or way to the extent of the land on those two sides. It was said:

"We consider this to be not merely a description, but an implied covenant that there are such streets. It probably entered much into the consideration of the purchase that the lot fronted upon two ways which would always be kept open, and, indeed, could never be shut without a right to damages in the grantee or his assigns."

As sustaining this doctrine, see also *Sutherland v. Jackson,* 33 Me. 80; *Lindsay v. Jones,* 25 Pac. Rep. (Nev.) 297; *Story v. Elevated Rld. Co.,* 90 N. Y. 163; Washburn, Easements and Serv. 266; Bigelow, Estop. 370.

It will be observed by a reference to the clause in the deed to Johnson that the clause as to the reservation of the private alley is more favorable to the grantee than in most, if not all, of the cited cases.

It is recommended that the judgment of the district court be reversed, and that this cause be remanded to the court below with the instruction to enter judgment upon the findings of fact in favor of the plaintiff and against the defendants, for a perpetual injunction enjoining defendants from obstructing the alley or strip of ground in controversy.

By the Court: It is so ordered.

All the Justices concurring.