## FRANK L. WEBBER *vs*. ERNEST WRIGHT.

Kennebec.    Opinion December 11, 1924.

*A grant of land described as bounded on a passageway and referring to a plan on which a strip of land is marked off corresponding to the passageway described in the deed may convey to the grantee an easement therein of passage, light and air.*

Where an alleged nuisance has been created or erected by a third party, the present owner into whose hands it has come by purchase since the erection or creation of the nuisance cannot be held liable therefor without notice of the existence and a request for its abatement.

Nor will a landlord be held for a nuisance created by his tenant until the expiration of the term and surrender of the premises and then only after notice and request for abatement.

On exceptions.    An action on the case to recover damages for the obstruction of an easement of passage, light and air, in a strip of land five feet wide.    Defendant pleaded the general issue denying the existence of any such easement; setting up title by prescription; and further contended that the alleged nuisance having been erected, not by the defendant, but by his tenant, a lessee under a lease antedating defendant's purchase of the property, and no notice of the alleged nuisance having been given, and request for removal having been made by plaintiff to defendant before the action was brought, the action cannot be maintained.    At the conclusion of the evidence, the presiding Justice directed a verdict for the defendant and plaintiff excepted.    Exceptions overruled.

The opinion states the case.

*McLean, Fogg & Southard*, for plaintiff.

*Pattangall, Locke & Perkins*, for defendant.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

WILSON, J.    An action on the case to recover damages for the alleged obstruction of a passageway and the interference with the plaintiff's easement of passage, light and air.

Sometime prior to 1870, the city of Augusta acquired title to a parcel of land situated in that city on the westerly side of Dickman Street, and had an engineer by the name of Patterson plot it into lots. A copy of this plan, referred to in the muniments of title of both plaintiff and defendant and their predecessors in title as "J. W. Patterson's Plan," was made a part of the case by agreement, and is herewith in part reproduced:

In 1914, the defendant acquired title to lots 7, 8, 9, and 11, as shown on the "Patterson Plan," at which time, there was an old barn standing on lot 7 about twenty-two or twenty-three feet in width on Dickman Street and extending back about thirty-five feet, and referred to in the evidence as the Grant barn and erected, as one witness testified, about fifty years ago. In January, 1916, the defendant leased lot 7, or the land on which the old barn stood for a term of eight years. The tenant soon afterwards tore down the barn and erected a new building on the same locus with respect to the passageway as was formerly occupied by the barn, except that the new building extended back from Dickman Street about fifty feet instead of thirty-five.

The plaintiff in 1920 acquired title to lots 4, 5, 6 and 12 and apparently also to that part of the space lying westerly of lot 6 and southerly of the northerly side line of lot 6 extended westerly; and proceeded to erect a building on lot 6. Upon a survey of the premises the present controversy arose.

The plaintiff claims that the new building erected by the defendant's tenant on lot 7 occupies a part of the passageway between lots 6 and 7, as shown on the "Patterson Plan," and obstructs the plaintiff's easement therein of passage, light and air.

At the trial of the case below, after the evidence was all in, upon motion of the defendant, the presiding Justice directed a verdict for the defendant, and the case is before this court on plaintiff's exceptions to this ruling.

It appears from admissions of the parties, that when the city of Augusta conveyed lots 4, 5, 6 and 12 to the plaintiff's predecessor in title, it referred to the "Patterson Plan" and described lots 4, 5 and 6 as being each twenty-three feet in width and their easterly line as running "northerly on Dickman Street to a passageway and thence westerly by the southerly line of said passageway 60 feet."

The deeds of the defendant's property also identify the lots thereby conveyed by reference to the "Patterson Plan."

It may well be that the grantee of the city of Augusta, and the plaintiff's predecessor in title, thereby acquired an easement of passage, light and air in the five-foot strip, shown on the Plan, for the benefit of lots 6 and 12: *Young* v. *Braman*, 105 Maine, 494; *Sunderland* v. *Jackson*, 32 Maine, 80; *Bangor House* v. *Brown*, 33 Maine, 309, 314; 9 R. C. L., 766, 767; *Franklin Ins. Co.* v. *Cousens*, 127 Mass., 258, 261; *Durkin* v. *Cobleigh*, 156 Mass., 108.

And whether the old barn formerly occupied, or the present structure now occupies any part of the passageway, or if so, whether such occupation was actually adverse, may have been questions for the jury, if they could fairly be determined from the evidence in the case.

However, regardless of such rights as the plaintiff may now have, if any, in the five-foot passageway delineated on the "Patterson Plan," the exceptions must be overruled. It does not appear that the defendant erected the building of which the plaintiff now complains. According to the testimony in the case, it was erected by a tenant under a lease, and several years before the plaintiff acquired any title to the land adjoining the passageway, and has not yet come back into the possession of the defendant.

When an alleged nuisance has been created or erected by a third party, the present owner into whose hands it has come by purchase since the creation or erection of the alleged nuisance, cannot be held liable without notice that the nuisance exists and a request for its abatement; nor can a landlord be held for an erection by his tenant until the expiration of the term and after notice and request for abatement, even though it amounts to a continuance of a nuisance existing at the time of the lease, if the original nuisance was not

erected by the landlord, but existed at the time he acquired the premises, and if no notice of the existence of the original nuisance was ever given to him, or request for its abatement made upon him. *Pillsbury* v. *Moore*, 44 Maine, 154; *Holmes* v. *Corthell*, 80 Maine, 31; *Staples* v. *Dickson*, 88 Maine, 362.

*Exceptions overruled.*