FRANCIS BROOKS *vs.* HARRIET E. REYNOLDS & others.

A deed bounded the land conveyed on the end of a "passageway of five feet wide in the clear for light and air," and provided that "the passageway for light and air is to be five feet wide on" the grantee's "line, and two feet eight inches on" the lane to which it ran, "and the same is always to be kept open for the purpose aforesaid, and" the grantee, "his heirs or assigns, to have no other privilege in the same." The grantor, who owned the fee in the passageway, subsequently conveyed to the grantee the right to have his line "run four inches further on said passage." *Held,* that the grantee had a right to the open and unobstructed passage of light and air from the ground upwards and throughout the length of the passageway.

TORT for an alleged obstruction of an easement of light and air appurtenant to the plaintiff's land in Boston. At the trial in the superior court, before *Lord,* J., without a jury, the following facts appeared:

By deed dated July 27, 1816, the New Cornhill Corporation conveyed to Benjamin Hurd a parcel of land, with a building thereon, bounded easterly on Cornhill Street; southerly on land of Larkin, thirty feet; westerly on a line at right angles with the boundary last mentioned, "partly on a passageway of five feet wide in the clear for light and air hereafter mentioned, and partly on land of said corporation," to other land of the corporation; and northerly by such other land of the corporation. The deed contained this clause: "It is understood and agreed by the parties aforesaid, that the passageway for light and air is to be five feet wide on said Hurd's line and two feet eight inches on Dorset's Lane," to which the passageway ran, "and the same is always to be kept open for the purpose aforesaid, and said Hurd, his heirs or assigns, to have no other privilege in the same." On September 19, 1816, by an indenture between the New Cornhill Corporation, Hurd and Ebenezer T. Andrews, to whom the corporation had sold a parcel of land bounded easterly by the land conveyed to Hurd, and southerly on the passageway, the parties agreed that whereas Hurd's land, by his deed from the corporation, ran thirty feet from Cornhill to the passageway which "is to be kept open for light and air," his line might now "run four inches further on said passage in addition to the afore-

said thirty feet." Hurd's estate was by mesne conveyances vested in the plaintiff. On July 30, 1816, the New Cornhill Corporation conveyed to Uriah Cotting a parcel of land which abutted on the passageway, and this estate was by mesne conveyances vested in the defendants. At the time of the conveyances to Hurd and Cotting the corporation owned the fee of the passageway. The defendants erected in the passageway a structure ten feet high and about seventy-five feet from the plaintiff's land. Other facts proved are immaterial for the purposes of this report. There was no evidence that the quantity of the light or air was diminished by the defendants' obstructions.

The judge ruled, " upon the construction of all the conveyances, that the plaintiff took only the common law right of air and light, and that the evidence did not show that such right had been impaired in the case," and gave judgment for the defendants. The plaintiff alleged exceptions.

*O. W. Holmes, Jr.*, for the plaintiff. The extent of the easement depends on the construction of the conveyance to Hurd. *Northam* v. *Hurley*, 1 El. & Bl. 665. *Western* v. *McDermott*, Law Rep. 2 Ch. 72, 75. The plaintiff has an action for nominal damages for any permanent obstruction of the easement, without proof of actual damage. *Hastings* v. *Livermore*, 7 Gray, 194. *Northam* v. *Hurley*, *ubi supra*. *Bolivar Manufacturing Co.* v. *Neponset Manufacturing Co.* 16 Pick. 241. *Stowell* v. *Lincoln*, 11 Gray, 434. If Hurd took only the common law right of light, any abutter on the passageway might have built it up after the conveyance to Hurd, as high as the distance from his building to Hurd's. The defendants, for instance, might have built seventy-five feet high. *Beadel* v. *Perry*, Law Rep. 3 Eq. 465, 467. Easements are apportionable. Hence the conveyance to Hurd of the strip four inches wide across one end of the passageway does not affect the plaintiff's rights. *Putnam* v. *Bowker*, 11 Cush. 542.

*W. Gaston & W. A. Field,* for the defendants.

GRAY, J. It is now well settled that by the common law of Massachusetts a deed of land passes no right of light and air over other lands, without express words. *Rogers* v. *Sawin*, 10 Gray

376. *Carrig* v. *Dee*, 14 Gray, 583. *Richardson* v. *Pond*, 15 Gray, 387. The extent of the plaintiff's rights therefore depends upon the terms of the deed from the New Cornhill Corporation to Hurd, under which the plaintiff claims title ; and we are all of opinion that by that deed was granted the right to the open and unobstructed passage of light and air from the ground upwards and throughout the length of the passageway, five feet wide in the clear at the end next the building thereby conveyed, and two feet and eight inches wide at the other end of the passageway ; and that the subsequent deed from the corporation to Hurd of a strip of land four inches deep next his building did not extinguish or impair that right over the rest of the passageway. The ruling of the learned judge who presided at the trial in the superior court, that upon the construction of the conveyances the plaintiff took only the common law right of air and light, was therefore erroneous ; and as the judgment for the defendants was based upon that ruling only, without passing upon the other grounds of defence, the *Exceptions must be sustained.*