## LEONARD C. STETSON *vs.* GEORGE E. CURTIS.

Plymouth.    Jan. 6, 1875. — Jan. 4, 1876.    AMES, J., absent.

The owner of a large tract of land fronting on a road, through which land an open space of irregular width, varying from forty-eight to fifty-three feet, bounded on the sides by trees, fences and buildings, extended from the road back to other lands of the grantor, and was used for access to these lands, conveyed one of them by a deed containing the following clause following the description in the deed : " I hereby covenant, for myself, my heirs and assigns, that a carriage way at least twenty-five feet wide shall forever hereafter be kept open and unobstructed from said lot easterly to " the said road. In an action of tort by the grantee of the lot for the obstruction of the way, the defendant did not deny that the plaintiff was entitled, under this clause, to an unobstructed way at least twenty-five feet wide, but contended that no location of the way had ever been made under it, and asked the judge to rule that if a way twenty-five feet wide had since his occupation been always left open, he was entitled to a verdict. The judge declined so to instruct the jury, and instructed them that if, when the deed was given, a carriage way defined by visible objects had been previously located by the grantor, they might find that such way was intended to be secured to the grantee, although it was forty-five feet wide. *Held*, that this instruction gave the defendant good ground of exception.

TORT for obstructing a right of way.    At the trial in the Superior Court, before *Brigham*, C. J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, the substance of which appears in the opinion.

*B. W. Harris & P. E. Tucker*, for the defendant.

*J. White & C. S. Sumner*, for the plaintiff.

COLT, J.    The rights of the parties in this case depend upon the construction to be given to a clause in the deed given in

1834 by John Wales to Bela Keith, under whom the plaintiff claims, which provides for a way across land now owned by the defendant, to the land then conveyed, and now owned by the plaintiff. It is in the following words : " I hereby covenant for myself, my heirs and assigns, that a carriage way at least twenty-five feet wide shall forever hereafter be kept open and unobstructed from said lot easterly to the Boston and New Bedford road." The clause follows the description in the deed, and is treated by both parties as having the effect of a grant of a right of way appurtenant to the lot conveyed. The question is as to its location and width.

It was not denied by the defendant that under this clause the plaintiff was entitled to an unobstructed way at least twenty-five feet wide, but he contended that no location of the way had ever been made under it, and he asked the court to rule that if a way twenty-five feet wide had, since his occupation, been always left open, he was entitled to a verdict. But the court instructed the jury in substance : First, that, as the way was not located by the deed, if they should find that it had never been otherwise definitely located, then the plaintiff could not maintain his action, unless he had been deprived of a way at least twenty-five feet wide from his lot to the street. But, secondly, if, when the deed was given, a carriage way, defined by visible objects, had been previously located by the grantor, they might find that such way was intended to be secured to the grantee, although it was forty-five feet wide. Or, thirdly, if the way was not thus located, and the grantee or the plaintiff, after he became owner, had appropriated to his own use, under this deed, a carriage way of defined limits, with the knowledge and acquiescence of the defendant or those under whom he claimed, which had remained open for a long period of time, even if such way was forty-five feet wide, the jury might find that the plaintiff was entitled to a way of that width.

The accuracy of these instructions depends upon the nature and limits of the right acquired under the deed by the grantee and his assigns. The deed is to be construed by applying its terms to the situation and condition of the property at the time. The grantor then owned a large tract of land, fronting on the New Bedford road, through which an open space of irregular

width, varying from forty-eight to fifty-three feet, bounded on the sides by trees, fences and buildings, extended from the street back to the lot conveyed. This space was used for access to the grantor's other lands, including the lot conveyed. A right of way was to be secured to the comparatively small lot then sold. If it had been intended to create a right over a way of defined limits already in existence, or to give a right to the grantee to locate a way, the appropriate words for the grant of such way would have been employed. Instead of that, the right is secured in the form of a covenant, which is allowed to have the effect of a grant only in order that the intention of the parties may not be defeated. The form thus adopted must be regarded as important in arriving at the true meaning of the deed and determining the character of the rights secured. By the terms of this covenant, as we understand it, the grantor undertakes, for himself, his heirs and assigns, always to keep open and unobstructed a way suitable for the use of carriages, which, if reasonably required for such use, may be more than twenty-five feet wide, but shall never be less than that. This gives some force and meaning to the words " at least twenty-five feet wide," and is inconsistent with the supposition that the grantor intended to devote the whole of the forty-five feet in width to the use of the proposed way, even if the whole was then used as a way for access to his other land. He has performed the contract if he keeps open the way described, and has the right to restrict the grantee or those claiming under him to such a way whenever he chooses. A qualified easement was created which was subject to this right of the owner of the servient tenement. *Rowbotham* v. *Wilson*, 8 H. L. Cas. 348, 362. Gale & Whatley on Easements, 47. *Spencer's Case*, Smith's Lead. Cas. (7th Am. ed.) 137, and notes.

The case is not like *Salisbury* v. *Andrews*, 19 Pick. 250. There a right was given to pass through Central Court, a place which was laid out, had acquired a reputation, and was known by that name. It was thought not to be a forced construction to regard the term Central Court as including all that had been previously laid out, paved and fitted for the use of the houses upon it. And it was held that the grant was of a way limited and defined, and not of a convenient way to be subsequently defined.

It is a familiar rule that, when a right of way is granted without defined limits, the practical location and use of such way by the grantee under his deed, acquiesced in for a long time by the grantor, will operate as an assignment of the right. *Bannon* v. *Angier*, 2 Allen, 128. But this rule, which is a rule of practical construction adopted to ascertain the intent of the parties, will not be permitted to defeat an intention fairly expressed in the terms of the grant controlling the future location.

In view of the law thus stated, the second instruction should not have been given. The fact that the grantor had laid out a way defined by visible objects, if that way was forty-five feet wide, would not necessarily justify the jury in finding that such way was the way intended by the parties to the deed. This would defeat, as we have seen, the plain intention of the deed. A new trial must therefore be ordered, and it is not necessary to consider the other instructions.            *Exceptions sustained.*