## BOSTON WATER POWER COMPANY *vs.* CITY OF BOSTON.

Suffolk.   March 12. — Sept. 4, 1879.   MORTON & ENDICOTT, JJ., absent.

The owner of a large tract of flats filled a portion of it, laid out streets over it, and prepared a plan showing the whole tract with the streets laid out and to be laid out, and sold certain lots in the unfilled portion. The deeds described the lots by metes and bounds, and bounded them on streets, and referred to a plan. This plan showed two streets, of a defined width, approaching each other at an acute angle, and one of the lots was at the point of their intersection. Near this point was a large triangular space between the two streets, not surrounded by lines on the plan, though a small triangular piece at the intersection of one of the streets and a passageway was so surrounded. The nearest point of the large triangular piece to the nearest of the lots sold was one hundred and seventy-six feet. *Held,* that the owner of this lot did not have a right of way appurtenant to his lot over the large triangular piece.

PETITION to the Superior Court for a jury to assess the damages sustained by the petitioner by the taking by the respondent of a parcel of land containing sixty-three and one half square feet for the purpose of widening a street.   The land taken is shown on the plan printed in the margin,* being the small triangular piece enclosed in dotted lines, and marked A.   Samuel N. Brown and others also filed a petition alleging that they were owners of the lots of land marked 1 and 2 on the plan, and had, as appurtenant to their lands, rights of way over the land taken by the

respondent, and prayed for leave to join in the petition of the
Boston Water Power Company, and to have their damages as-
sessed by the same jury.   The case was submitted to the Superior
Court on the following agreed facts :

On June 8, 1868, the Boston Water Power Company, being
then the owner of the land in question, sold by public auction a
large number of lots of land lying westerly of Dartmouth Street
and northerly of St. James Avenue; and among them the lots
marked 1 and 2, these lots being then unfilled flats.   At the
time of the sale, St. James Avenue was not filled and graded
westerly of Dartmouth Street, but from Dartmouth Street east-
erly it was filled to the established grade; the other streets
and avenues shown on the plan westerly from Dartmouth Street
were not filled; Dartmouth Street, and the streets and ave-
nues shown on the plan easterly from Dartmouth Street, were
filled.

The deed of lot 1 described this lot by metes and bounds, and
bounded it by St. James Avenue, Huntington Avenue, Dartmouth
Street, a passageway and by lot 2.   The deed of lot 2 described
this lot by metes and bounds, and bounded it by St. James
Avenue, by lot 3, by a passageway, and by lot 1.   The deeds of
these and of the other lots referred to a certain plan recorded
with Suffolk Deeds.   This plan showed the length of all the
lines of the lots west of Dartmouth Street and their contents.
The plan printed in the margin is a copy of a portion of this
plan.   The large triangular piece enclosed in dotted lines, and
including the land taken, did not so appear in the original or in
the copies used at the auction sale, but this space was not repre-
sented as enclosed at all.*   Brown and the other petitioners who
seek to join hold their title by mesne conveyances from the pur-
chasers at the auction sale, and have all their rights.   The Boston
Water Power Company had been the owner of all the land shown
on the plan situated easterly from Dartmouth Street and south-
erly from the passageway, marked twenty-five feet wide ; and
had previously to June 8, 1868, sold all of its land easterly from

---

* By the scale on another plan used at the hearing, the nearest point of the
large triangular piece enclosed in dotted lines appears to be one hundred
and seventy-six feet from lot 1, and the most distant point about three h un-
dred and fifty feet.

Dartmouth Street, except the lot enclosed in dotted lines and the small triangular lot lying westerly of it, and except the streets shown on the plan, which it subsequently conveyed to the city of Boston.

If the court is of opinion that the owners of lots 1 and 2 are not entitled to a right of way, judgment is to be entered for the Boston Water Power Company for $200, without costs, and the petition to join is to be dismissed, without costs; but if the court is of opinion that the owners of lots 1 and 2 are entitled to a right of way over the premises, judgment is to be entered for the Boston Water Power Company for $1, without costs, and for such owners for $1, without costs.

*Brigham*, C. J., ruled that the owners of lots 1 and 2 were entitled to a right of way over the land taken, and ordered judgment to be entered accordingly. The Boston Water Power Company appealed to this court.

*H. D. Hyde & E. P. Howe*, for the petitioner.

*R. M. Thompson*, for Brown and others.

The city of Boston submitted the case without argument.

AMES, J. The question presented in this case is whether Brown and others have any such interest in the land taken as to entitle them to a share in the damages to be recovered. These petitioners derive their title to lots 1 and 2 from persons who purchased them of the Boston Water Power Company, on June 8, 1868, at a sale by auction. The plan made use of at that sale is referred to in the deeds to the purchasers, and is described as recorded with the Suffolk Deeds. It must be considered as making a part of the contract in each case, so far as is necessary to aid in the identification of the lots, and the description of the rights intended to be conveyed. All the particulars appearing on the plan and applicable to these lots are to be regarded as if they had been fully set forth in the deeds. *Morgan* v. *Moore*, 3 Gray, 319. *Murdock* v. *Chapman*, 9 Gray, 156. *Farnsworth* v. *Taylor*, 9 Gray, 162. As against the grantors, the purchasers therefore acquired a right of way over Huntington Avenue and St. James Avenue, not merely where those avenues adjoined the lots sold, but also by necessary implication to every such outlet or terminus as would make the way available for its intended purpose. *Fox* v. *Union Sugar Refinery*, 109 Mass. 292.

The lots 1 and 2 are described in the deeds of conveyance by metes and bounds, the two avenues above named being referred to as monuments. According to the plan, one of the avenues was one hundred feet, and the other was fifty feet, in width. They had both been filled up to the established grade and constructed as streets, as far west as Dartmouth Street, so that there could have been no uncertainty in the minds of bidders as to their limits. As the two avenues crossed each other at an acute angle, there was a triangular space between them near their intersection, which does not appear on the plan to be enclosed in black lines as if intended to be kept separate from those avenues. This triangular piece of ground may not have been well adapted from its size and shape to be used as a building lot, but it was not contiguous to, or in the immediate vicinity of, the lots granted. The mode in which it is exhibited on the plan, although it may have possibly been an indication of an intent to leave it open, or not covered with buildings, was far from being an unequivocal dedication of it as a way for the use of the purchasers, or a surrender of control over it. It has been decided that the mere reference to a plan in the descriptive part of a deed does not carry with it by necessary implication an agreement or stipulation that the condition of land in the vicinity of, but not immediately adjacent to, that granted as shown on the plan, or the use to which it is represented on the plan to be appropriated, shall forever continue to be the same. *Light* v. *Goddard*, 11 Allen, 5. The purpose of these deeds was to convey the land with the right of way through the two avenues ; but it is not clear on the face of the deeds that the grantors did intend to convey any right of way over this triangular piece. No such construction was necessary to give full effect to the deed, or to furnish to the purchaser an outlet in both directions. In New York, it has been held that such a deed and plan would not extend the right beyond the next cross street on each side of the lot sold. *In re 29th Street*, 1 Hill, (N. Y.) 189. In the English courts it is held that the mere exhibition of a plan at a sale is not a warranty, except so far as it is comprehended in the agreement, or necessary for its construction. *Heriot's Hospital* v. *Gibson*, 2 Dow, 301. *Breynton* v. *London & Northwestern Railway,* 2 Coop.

temp. Cottenham, 108. *North British Railway* v. *Tod*, 12 Cl. & Fin. 722.

Our conclusion therefore is that the new petitioners have no such estate or interest in the land in question as to entitle them to intervene under the Gen. Sts. *c.* 43, § 53, in this proceeding; and that judgment must be entered for the Boston Water Power Company for the sum of $200 and interest, without costs, according to the terms of the case stated. Whether, upon a claim for nominal damages only, a party can be said to have an interest which would enable him under the statute to intervene in such a proceeding, is a question which we have not thought it necessary on this occasion to consider. *Judgment accordingly*