JOHN HOGAN *vs.* JOHN BARRY.

Essex. Nov. 3, 1886. — Feb. 23, 1887. DEVENS, W. ALLEN, & GARDNER, JJ., absent.

A deed of land to A., after the description and before the habendum, which conveyed a fee, contained the following clause : " And said grantors agree that no building shall be erected on said lot next east of said granted premises nearer to the west line of said lot than four feet, being the east line of the premises hereby conveyed." The grantors owned the adjoining land referred to, and subsequently conveyed it to B. *Held,* that the word " agree " in the clause quoted must be read as meaning "grant," and attached an easement in fee to A.'s land; and that the fact that the grantors did not mention the incumbrance in their subsequent deed to B. was immaterial.

If B. buys land upon which his grantor has previously erected a structure which violates an easement created by a prior deed of adjoining land from the same grantor to A., of which easement B.'s deed gives him no notice, A. cannot maintain an action against B. for continuing the structure before requesting its removal.

HOLMES, J. This is an action of tort for interfering with an easement, which the plaintiff claims by virtue of the following words, inserted, after the description and before the habendum, in the conveyance to him: " And said grantors agree that no building shall be erected on said lot next east of said granted premises nearer to the west line of said lot than four feet, being the east line of the premises hereby conveyed." The grantors owned the adjoining land referred to, and subsequently conveyed it to the defendant.

There is no doubt that an easement may be created by words sounding in covenant. *Bronson* v. *Coffin,* 108 Mass. 175, 180. If the seeming covenant is for a present enjoyment of a nature recognized by the law as capable of being conveyed and made an easement, — capable, that is to say, of being treated as a *jus in rem,* and as not merely the subject of a personal undertaking, — and if the deed discloses that the covenant is for the benefit of adjoining land conveyed at the same time, the covenant must be construed as a grant, and, as is said in Plowden, 308, " the phrase of speech amounts to the effect to vest a present property in you." An easement will be created and attached to the land conveyed, and will pass with it to assigns, whether mentioned in the grant or not. *Norcross* v. *James,* 140 Mass. 188. Of course,

when a man grants such an interest out of a fee then wholly in him, it is unnecessary for him to mention his own assigns, or even his heirs, in order to burden the land in their hands, nor is it usual to mention them in the common form of deed.

In the case at bar, the seeming covenant was, not that the grantors would not erect a building, but that no building should be erected, within four feet of the line. The right conferred upon the grantee was therefore of a kind recognized by the law as capable of being made an easement, within reasonable limits. *Brooks* v. *Reynolds*, 106 Mass. 31. We think too that the right must be taken to have been conferred for the benefit of the land conveyed. It is true that express words to that effect are wanting, but it stands to reason that there can have been no other purpose. *Peck* v. *Conway*, 119 Mass. 546. *Dennis* v. *Wilson*, 107 Mass. 591. We are therefore of opinion that the word "agree" must be read as meaning "grant," and that it attached an easement to the plaintiff's land. The fact that the plaintiff's grantors did not mention the incumbrance in their subsequent deed to the defendant is immaterial. The successive owners of the servient estate could not make evidence against the plaintiff in that way. The case is not like those where the alleged dominant estate is conveyed last, without mention of the supposed easement. *Badger* v. *Boardman*, 16 Gray, 559.

We will add, in order completely to settle the plaintiff's rights, that although heirs are not mentioned in the special clause, and although the word is necessary, of course, to create an easement in fee, *Bean* v. *French*, 140 Mass. 229, yet, as we have determined that the right conveyed is an easement and part of the grant, and as the clause conveying it is part of the granting part of the deed, we are of opinion that it, like the rest of the description, is controlled by the habendum, and that the limitation there of a fee gave the plaintiff an easement in fee.

We have discussed the question which the parties have argued, and which we presume the report was intended to present. But there is another ground on which the direction of a verdict for the defendant must be sustained, unless the omission can be cured in the court below. *West* v. *Platt*, 124 Mass. 353. It appears that the defendant did not erect the privy complained of, but bought the land with the structure standing upon it, and

that his deed gave him no notice of the servitude. It does not appear that he has done anything except to leave the structure standing where he found it. Under such circumstances, it was necessary for the plaintiff to request a removal of the nuisance before he could recover damages of the defendant. *Penruddock's case,* 5 Rep. 100 b. *McDonough* v. *Gilman,* 3 Allen, 264, 266. *Prentiss* v. *Wood,* 132 Mass. 486, 488. *New Salem* v. *Eagle Mill Co.* 138 Mass. 8.

*Judgment on the verdict for the defendant.*

*W. S. Knox,* for the plaintiff.

*J. P. Sweeney,* for the defendant.