JOSEPHUS G. TAFT *vs.* FREDERICK L. EMERY & others, trustees.

Suffolk.   January 25, 1899. — October 19, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Easement — Deed — Effect of Change in and Reference to Plan.*

If a way, as shown on a plan made and recorded by owners in common of land, is changed on a later plan made by the same parties and not recorded, a deed, after a partition of the land, referring to the later plan and granting an easement in the way "as shown on said plan," conveys an easement in the way as laid out on the later plan, although monuments set up in accordance with the original plan remain unchanged, and the way as changed is almost impassable.

BILL IN EQUITY, filed October 30, 1898, in the Superior Court, to restrain the defendants from obstructing an alleged right of way over their land in Hull.  At the hearing a decree was entered for the plaintiff; and the defendants appealed to this court.  The facts appear in the opinion.

The case was submitted on briefs to all the justices.

*H. W. Bragg & C. A. McDonough,* for the defendants.

*J. Willard & E. B. Pratt,* for the plaintiff.

MORTON, J.  The plaintiff claims a right of way forty feet in width over a parcel of land belonging to the defendants.  The facts are agreed, and are substantially as follows.  In 1880 the immediate predecessors in title of the plaintiff and defendants were the owners as tenants in common of a tract of land called Point Allerton, in Hull, and caused a plan to be made of it, which was duly recorded in the Registry of Deeds at Plymouth. On this plan a way forty feet wide was laid out, running in a straight line from the county road to a sea-wall, and passing over the land in question.  This way was called Point Allerton Avenue, and monuments were placed at the corners of three

adjoining lots, marking its northerly line in accordance with the plan. The actual travelled way as it now exists is within the lines shown on the plan, though the way is not travelled for its whole width. There are no other monuments showing the bounds of the way except those at the corners of the lots referred to above. In 1882 another plan was made by the same parties, but was not recorded. On this plan Point Allerton Avenue, instead of being represented as on the plan of 1880, was deflected to the south, passing over land which had been conveyed in fee simple by the former owners of the land to the United States without reserving any right of way over it, and purporting to end at the southeast corner of land now belonging to the petitioner. The way as modified by this plan has never been used as a way, and is impassable for carriages and almost impassable for foot passengers. In 1882 the parties owning the land made partition of it by deed. They were one Holbrook, who owned two undivided thirds, and persons by the name of Potter, who owned the other third. The deed from Holbrook to the Potters had on the back of it a copy of the plan of 1882, and the description of the parcel conveyed concluded as follows: "Reference to C. W. Howland's survey, No. 2674, and to plan of same delineated on this deed. I also give them a right of way over said Point Allerton Avenue from the county road to said Little Hill, as shown on said plan." It is under this last clause that the plaintiff contends that he is entitled upon the facts as agreed to the right of way which he claims. "C. W. Howland's survey No. 2674" is the plan of 1882. The defendants acquired title in 1893 from Holbrook, and the plaintiff in 1894 from the Potters, to their respective lands. Holbrook's deed conveyed the parcel in question to the defendants "subject to any rights of way which may exist thereover." It appears that there are persons who are entitled to a right of way over this parcel because of having received conveyances under the original plan of 1880, but none of them are parties to this suit. It does not appear that there is any reference in the deed from the Potters to the plaintiff to the plan of 1880. The plaintiff does not claim in this proceeding a right of way by necessity. It is agreed that a sufficient way of necessity is afforded him over another parcel. It does not clearly appear, if that is ma-

terial, whether the plaintiff has used the way by necessity or a way over the lot in question. A decree was entered for the plaintiff, and the case is here on the appeal of the defendants.

By the reference to the plan of 1882 in the deed from Holbrook to the Potters, the plan was incorporated into and made a part of the deed. *Morgan* v. *Moore*, 3 Gray, 319. *Murdock* v. *Chapman*, 9 Gray, 156. *Boston Water Power Co.* v. *Boston*, 127 Mass. 374. We assume in favor of the plaintiff that the right of way described in that deed passed as appurtenant to the premises conveyed. The question then is, what is the right of way that was granted. It seems to us that it must be held to have been a right of way over Point Allerton Avenue as it was laid out in the plan of 1882. There was no reference to the plan of 1880, and, though it was on record, there is nothing to show that it was in the minds of the parties when the deed from Holbrook to the Potters was executed and delivered; and if it had been, we think that the express reference to the plan of 1882 must be regarded as decisive regarding what right of way the parties referred to. We know of no rule of law that will prevent the owners from changing a previous plan of a tract of land, even if it is on record, if the rights of others are not affected thereby. *Coolidge* v. *Dexter*, 129 Mass. 167. The fact that Point Allerton Avenue as laid out on the plan of 1882 was and is impassable at the point where it meets the plaintiff's premises, and was and is over land of the United States, could only operate at most to give the plaintiff a right of way by necessity over other land of Holbrook to a point on Point Allerton Avenue where it is passable, and that, it is agreed, the plaintiff has. *Osborn* v. *Wise*, 7 C. & P. 761. The conveyance of the parcel in question by Holbrook to the defendants, "subject to any rights of way that may exist thereover," is accounted for by the fact that there are other persons than the plaintiff who are entitled to a right of way over it because of having received conveyances under the plan of 1880. We think that the facts which are agreed in regard to the use of the way and the bounds that have been set up are controlled by the express reference to the plan of 1882 in the deed from Holbrook to the plaintiff's grantors.

It seems to us that the decree should be reversed and the bill dismissed with costs.            *So ordered.*