# ANTOINETTE  J.  LOEHR,  PETITIONER.

Middlesex, March, 1901.

*Restrictions — Agreement for Restrictions — Easements —*
*Streets on Plan — Abandonment.*

In this case an agreement was made October 1, 1875,
between the owners of two adjoining tracts, providing for the
establishment of a street between their respective estates, with
courts branching therefrom, according to a plan recorded
with the agreement.  It was also agreed between the parties
that a certain building restriction should be incorporated
into any deeds that might be made by either of them.  Subse-
quent conveyances by each party were made by reference to
the recorded plan and using the lot numbers thereon, but in
only two deeds was any restriction mentioned.  These were
both given by the party other than the one under whom the
petitioner claims title, and before the agreement itself had
been finally acknowledged and recorded.  Moreover each deed
contained a further restriction not contemplated by the
agreement.  Present locus, together with the locus of case
No. 164, Stevens, Petitioner, constitutes one of the courts or
culs de sac shown on the recorded plan.  There are no lots
on the court other than those belonging to these two peti-
tioners.

So far as the restriction is concerned, it appears to have
been not a restriction intended directly for the benefit of pro-
spective owners of the various lots into which the two parcels
were divided, but a mere agreement between the two parties
themselves for the subsequent creation by each of restric-
tions on their respective tracts, which was not carried into

effect, but on the contrary was abandoned years ago by both parties. I am of opinion that the agreement has become obsolete and inoperative by reason of non-observance and acquiescence therein by the covenantee entitled to enforce it, and that no rights accrued thereunder, so far as the restriction is concerned, to anyone else. Lowell Institution v. Lowell, 153 Mass., 530. Clapp v. Wilder, 176 Mass., 332, 338.

As to possible rights in the court shown on the recorded plan, the question by whom, and to what extent, the right to have streets maintained as indicated upon a recorded plan can be enforced, is one which is continually arising in this Court. It is one as to which there are many decisions in the books; but they necessarily vary in accordance with the particular circumstances of each case. The underlying principle, although not stated in any one decision, seems, however, to be simple. The whole question is one of intent; but while the intent must be gathered from the circumstances of each case, this must be done in accordance with some definite rule of construction.

Whenever lands are purchased according to a plan on which streets are shown, the owner acquires by necessary implication a right to the use of every way or street thereon shown which may be available to the beneficial use of his premises. This doctrine has been carried very far. Farnsworth v. Taylor, 9 Gray, 162. Rogers v. Parker, 9 Gray, 445. Fox v. Union Sugar Refinery, 109 Mass., 292. Langmaid v. Higgins, 129 Mass., 353. Boland v. St. Johns Schools, 163 Mass., 229. No such right, however, attaches to a lot which is neither situated on the street or way in question, nor to which a right over such street or way is not necessary, or beneficial to its ordinary use. Light v. Goddard, 11 Allen, 5. Boston Water Power Co. v. Boston, 127 Mass., 374. Pearson v. Allen, 151 Mass., 79. The case of Tobey v. Taunton, 119 Mass., 404, is to be distinguished. In that case, while it was held immaterial that the old way was of no value to

the particular lot over which it was situated, the fact that there was other land to which it could be of beneficial use was not questioned. In the case at bar there were no lands other than those of the two petitioners to which any beneficial interest in this cul de sac could attach.

The recording of a plan carries with it no covenant or agreement, by implication or otherwise, that it may not at any time be abandoned or changed in any respect, if the rights of others are not affected thereby. Boston Water Power Co. *v.* Boston, supra. Coolidge *v.* Dexter, 129 Mass., 167. Taft *v.* Emery, 174 Mass., 332.

Decree for petitioner.