## CHARLES A. MCKENNEY *vs.* JOHN E. MCKENNEY.

Essex. November 7, 1913. — December 13, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DE COURCY, JJ.

*Way*, Private. *Equity Jurisdiction*, To compel assignment of private way.

Where a woman who owned a lot of land on a corner, completely covered, excepting in front, by a double house divided by a brick partition wall from front to rear and fronting entirely on one of the streets, from which it was set back about ten feet with projecting bay windows and steps that occupied a part of the space, devised the half of the house and lot which was nearer to the side street to one son and the other half to another son "with a right of way" to the second son from the side street "over the land given to" the first son "for all purposes as if the same were a public highway," and the first son refuses to assign to the second son a way in accordance with the will, the second son can compel the first son to make such an assignment, although when the mother made the will, she did not intend that any of the building should be destroyed to provide the way, but thought that she owned land in the rear of that given to the sons, over which the way granted would pass. Under the circumstances of this case, the parties having agreed that a way ten feet wide would be suitable, *it was ordered* that the first son should assign to the second son such a way to the side street across the space in front of his part of the premises, and, if he refused so to do, that a master should be appointed to assign the way.

BILL IN EQUITY, filed in the Superior Court on June 4, 1913, seeking to compel the assignment of a way to the plaintiff, as stated in the opinion.

A plan showing the premises to which the suit related is shown on the next page.

The way which the plaintiff sought to have laid out was that to which, as he alleged, he was given a right by the clause in the will of his mother that is quoted in the opinion. Besides the facts stated in the opinion, the following facts were agreed to, the court being given leave to "draw any reasonable inferences therefrom."

"The premises are situated in a thickly populated district.

"The building, which fronts on Blossom Street [in Lynn], is of the variety known as a double house, the tenements of which are perpendicularly separated by a partition wall indicated by a

dotted line on the plan. The building is wooden, three stories in height, with a cellar underneath, and was constructed in 1883, at a time when the premises in question, together with those next

westerly, were the property of William McKenney, the father of the plaintiff and the defendant.

"Before the father's death, which occurred in 1903, he conveyed the corner property now in question, through a conduit, to his wife Mary. At his death he devised to said Mary for life the premises on Crosby Street, next west of the property in question.

From and after her death, the front of said Crosby Street premises has been and now is the property of the defendant, John E. McKenney, and the rear of said Crosby Street premises has been and now is the property of James McKenney, another brother, for life, and after his death of the plaintiff, Charles A. McKenney. The boundary line between these front and rear Crosby Street properties of John and Charles is indefinite and has never been determined."

"It is agreed for the purposes of this suit that a way 'for all purposes as if the same were a public highway' is a way not exceeding ten feet in width."

The suit was reserved by *White*, J., for determination by this court.

*C. N. Barney*, (*W. A. Bishop* with him,) for the plaintiff.

*J. W. Sullivan*, (*J. D. A. Healey* with him,) for the defendant.

BRALEY, J. The testatrix by her will devised the estate in question in these words: "I give to my son John E. McKenney the corner half of the double house on the corner of Blossom and Crosby Sts. in said Lynn with the land under and appurtenant thereto: the other half of said double house I give to my son Charles McKenney with a right of way to said Charles his heirs and assigns forever from Crosby St. over the land given to my son John herein for all purposes as if the same were a public highway. The line of the center of the partition wall in said double house extended to the westerly line of my estate shall be the division line between the estates herein given to my said sons John and Charles." The wall runs through the centre from the cellar to the roof; and, no change having occurred in ownership, the tenants of the plaintiff's half without objection, yet without any legal right, have used as a means of access to Crosby Street other land of the defendant abutting on the westerly side of the estate. But as the defendant objected to any further use of his outside land the plaintiff demanded in writing, that he assign and set out a way in accordance with the terms of the will. He declined to act, and this bill is brought to compel him to make the assignment, and for general relief.

By the plan, the estates are shown to be so situated, that if a way is laid out along the westerly line of the servient estate a partial demolition of the defendant's house will be necessary, but,

if laid out over the unoccupied land on the easterly or front side, the way will be less easy of full access by the plaintiff and the width stipulated by the parties must be restricted, unless the bay window is removed. It is doubtless true, as the defendant urges, that the testatrix never contemplated or intended that any part of the house devised to him should be destroyed in order to provide the way. Very likely she mistakenly assumed, as he contends, that the land in the rear given to her for life by her husband's will, but now owned in reversion by the defendant, could be impressed with the easement. The entire property, however, was hers to do with as she liked. If her purpose as expressed cannot be fully carried out, yet the will is to be so construed as to give it the fullest effect not inconsistent with the rules of law. *Doherty* v. *O'Hearn,* 214 Mass. 290, 293. In unequivocal language she created an easement to which the defendant's estate is made subordinate. It would be an unwarranted inference that by the phrase "as if the same were a public highway" she meant to say it was to be of the width usually prescribed for public ways; and this wording may be treated as descriptive of the character of the use, and not of the breadth, of the layout. *Tudor Ice Co.* v. *Cunningham,* 8 Allen, 139. The validity of the right is not impaired, although not defined by metes and bounds in the instrument by which it is created, and what is a suitable and convenient way depends upon the conditions of place, and the purposes for which it was intended. *Lipsky* v. *Heller,* 199 Mass. 310, 318.

The defendant could have set out a way, and, upon his refusal, the plaintiff could pass over the servient estate in such manner as to cause the least inconvenience to the owner, consistent with the enjoyment of the easement intended by the testatrix. *Pratt* v. *Sanger,* 4 Gray, 84, 87, 88. *O'Brien* v. *Goodrich,* 177 Mass. 32. *Cotting* v. *Murray,* 209 Mass. 133, 139. But where the right is clear, a court of equity, if the parties cannot agree, will determine what is reasonable under the conditions disclosed, and locate the way accordingly. *Old Colony Street Railway* v. *Phillips,* 207 Mass. 174, 181.

It is manifest, as we have seen, that, if it is to come into existence, the way must pass either in the rear, or in front of the defendant's house. If in the rear, the plaintiff suggests it would

necessitate the removal of a part of the lower story only, leaving a covered or arched passageway as in *Lipsky* v. *Heller*, 199 Mass. 310. A radical change of this character, even if it may be technically consistent with the right claimed, not only would require a large outlay by the defendant, but would deprive him of the full enjoyment of his portion of the premises. The way therefore should be adapted to the estate devised, which has suffered no physical change since her death, even if each party will have to yield something of their respective contentions. We are of opinion, that under the circumstances the provisions of the will are satisfied by the location of the way over the unoccupied strip, which will give to the plaintiff the largest unobstructed passage to Crosby Street permitted by the open area. *George* v. *Cox*, 114 Mass. 382. *Lipsky* v. *Heller*, 199 Mass. 310. *Rowell* v. *Doggett*, 143 Mass. 483.

A decree directing the defendant within a time to be named therein to set out and assign the way within these limits is to be entered, and if he fails to comply a master is to be appointed to lay out the way, and the decree confirming his report can also enjoin the defendant from interfering in any manner with its lawful use.

*Ordered accordingly, with costs.*